## WILLIFORD v. GADSDEN.

Defendant being sued in a trial justice's court for $9.20, made a written offer, before answering, to allow judgment to be taken against him for $5. This offer plaintiff declined. Plaintiff then obtained judgment against defendant for $7.95, but this judgment was reversed on appeal. At the second trial, plaintiff obtained judgment for $9.20, but this, too, on appeal was changed by the Circuit Court to a judgment final in plaintiff's favor for $4.85—which was less than defendant's offer before the first trial. *Held*, that under section 88, ¶ 15, of the Code, the plaintiff was liable for all the costs of the case subsequent to defendant's offer.

Before ALDRICH, J., Fairfield, September, 1886.

The opinion states the case.

*Mr. Osmund W. Buchanan*, for appellant.

*Messrs. McDonald & Douglass*, contra.

July 1, 1887. The opinion of the court was delivered by

MR. JUSTICE MCGOWAN. The plaintiff sued the defendant before a trial justice upon an account for $9.20. The defendant, before answering, made to the plaintiff a written offer to allow judgment rendered for $5. This the plaintiff declined. The trial was had and he recovered judgment for $7.95. The defendant appealed to the Court of Common Pleas and the judgment was set aside and a new trial ordered. In the next trial, the plaintiff recovered judgment for $9.20. The defendant again appealed, and Judge Fraser rendered a final judgment for $4.85, less than was originally offered.

The question made is as to the costs of the case. The clerk of the court decided that the defendant should pay the costs of the first, and that the plaintiff should pay those of the second appeal.

Judge Aldrich confirmed this taxation, and from this order the defendant appeals to this court upon the following grounds : "I. For that his honor erred in confirming the decision of the clerk, and in not giving and allotting all costs to the defendant, which accrued after the offer to allow judgment for an amount greater than that which was recovered in the cause, which offer was not accepted by the plaintiff.    II. That his honor erred in allowing to the plaintiff any costs accruing after said offer made by the defendant."

Some confusion as to the costs has arisen, as we conceive, from confounding two provisions of the code, which are entirely distinct and were meant to apply to different classes of cases.    Subdivision 15 of section 88 (in regard to rules to be observed in courts of trial justices) provides as follows : "The defendant may, on the return of process, and before answering, make an offer in writing to allow judgment to be taken against him for an amount to be stated in such offer, with costs.    The plaintiff shall thereupon, and before any other proceedings shall be had in the action, determine whether he will accept or reject such offer.    If he accept the offer, and gives notice thereof in writing, the trial justice shall file the offer and the acceptance thereof, and render judgment accordingly.    If notice of acceptance be not given, and if the plaintiff fail to obtain judgment for a greater amount, exclusive of costs, than has been specified in the offer, he shall not recover costs, but shall pay to the defendant his costs accruing subsequent to the offer," &c.    This case falls precisely under this provision.    The defendant "before answer," as required, made the written offer to allow judgment for $5, which was not accepted ; and after long litigation he failed to obtain judgment for a larger amount, the final judgment being $4.85.    The plaintiff staked himself upon being able to recover more than $5, in which he failed ; and it would seem to follow necessarily that he who caused the useless litigation should "not recover costs, but should pay to the defendant his costs arising subsequent to the offer."

But it happened that, during the litigation, there was one or more appeals to the Circuit Court, and it is claimed that this made a different case, to which the provisions of chapter 3 of title 11, part II., of the Code (appeals to the Circuit Court from an

inferior court) are in some way applicable. Section 373 of the chapter indicated does, among other things, provide as follows : "Costs shall be allowed to the prevailing party in judgments on appeal in all cases, with the following exceptions and limitations : in the notice of appeal the appellant shall state in what particular or particulars he claims the judgment should have been more favorable to him. If he claims that the amount of judgment is less favorable to him than it should have been, he shall state what should have been its amount. Within fifteen days after the service of the notice of appeal, the respondent may serve upon the appellant and trial justice an offer in writing, to allow the judgment to be corrected in any of the particulars mentioned in the notice of appeal. The appellant may thereupon, and within fifteen days thereafter, file with the trial justice a written acceptance of such offer, who shall thereupon make a minute thereof in his docket and correct such judgment accordingly, and the same so corrected shall stand as his judgment and be enforced accordingly ; and any execution which has been issued upon the judgment appealed from shall be amended by the trial justice to correspond with the amended judgment. If such offer be not made, and the judgment in the appellate court be more favorable to the appellant than the judgment of the court below, or if such offer be made and not accepted, and the judgment in the appellate court be more favorable to the appellant than the offer of the respondent, the appellant shall recover costs : provided, however, that the appellant shall not recover costs unless the judgment appealed from shall be reversed on such appeal or be made more favorable to him, to the amount of at least ten dollars," &c.

This provison, properly understood, in no way conflicts with the regulation in section 88 as stated above. It is true that during the litigation there was one or more appeals by the defendant, in all of which he succeeded ; but, the intermediate proceedings being set aside, we have to do only with the final judgment—that was "the failure to obtain judgment for a greater amount," &c. When the defendant made the written offer in precise accordance with the regulation in section 88, the force and effect of that notice could not be changed by any number of appeals, whether the notice referred to in section 373 was or was not given on appeal.

That original offer remained unaffected and binding through all the different phases the case assumed until final judgment.

The judgment of this court is, that the judgment of the Circuit Court be so modified as to charge upon the plaintiff all the costs which accrued subsequent to November 24, 1884, when the offer to allow judgment for $5 was made.